UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE "EARL" OSBEY,

    Plaintiff,

v.                                                                                                          05-3276

HEALTH PROFESSIONALS LTD., et al.,

    Defendants.

### Case Management Order #3

A hearing pursuant to Fed. R. Civ. P. 16 was held on April 12, 2006. The plaintiff appeared *pro se* by video conference from Pinckneyville Correctional Center. Teresa Powell appeared on behalf of Defendant Wexford Health Sources. Jason Young appeared on behalf of the IDOC defendants who have been served.[1] The other defendants did not appear, either because they still have time to Answer, or because their service was returned unexecuted.

Service on the following defendants has been returned unexecuted: IDOC, Lawrence Correctional Center, Michelle Pulley, and Dr. Feinerman. It appears that defendants Health Professionals Ltd and Dr. Julien have been served, and their Answers are due May 1, 2006. (d/e's 36, 38). There is no information in the record currently on the fate of service on Dr. Gonzales.

IT IS ORDERED THAT:

1) The Clerk is directed to prepare for Defendant Dr. Feinerman: 1) Notice of Lawsuit and Request for Waiver of Service of Summons; and, 2) a Waiver of Service of Summons. The Clerk is directed to mail said forms to Wexford Health Sources, Inc.. If the Defendant fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on the Defendant and will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. Defendant Dr. Feinerman has not filed an Answer or otherwise appeared (other than complying with the subpoena for the earlier Rule 16 hearing). The subpoena did not effect service of the summons and Complaint within the requirements of Fed. R. Civ. P. 4.

2) The Clerk is directed to prepare for Defendant IDOC: 1) Notice of Lawsuit and Request for Waiver of Service of Summons; and, 2) a Waiver of Service of Summons. The Clerk is directed to mail said forms to the Illinois Department of Corrections, James R. Thompson Center, 100 West Randolph, Chicago, Illinois 60601. If someone authorized on Defendant's behalf fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on the Defendant and will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure. It is true that the IDOC is not a suable entity under 42 U.S.C. Section 1983, but the plaintiff also makes claims under the Americans with Disabilities Act. If the IDOC believes service is not effective, it may appear and file the appropriate motion.

3) The Clerk is directed to prepare for Defendant Lawrence Correctional Center: 1) Notice of Lawsuit

---

[1] There was some discussion at the hearing whether defendant Hollingsworth has been served. Her signed waiver is on record at d/e 35 and her Answer was due April 12, 2006.

and Request for Waiver of Service of Summons; and, 2) a Waiver of Service of Summons. The Clerk is directed to mail said forms to Lawrence Correctional Center.  If someone authorized on Defendant's behalf fails to sign and return the Waiver to the Clerk within 30 days from the date said forms were sent, the Court will take appropriate steps to effect formal service on the Defendant and will require the Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.  It is true that Lawrence Correctional Center is not a suable entity under 42 U.S.C. Section 1983, but the plaintiff also makes claims under the Americans with Disabilities Act.  If the Defendant believes service is not effective or that it is not a suable entity, it may appear and file the appropriate motion.

4) Defendant Michelle Pulley's service forms were returned unexecuted, with the notation, "Defendant is on military duty outside U.S.  No known date of return."  (d/e 40).  The Marshals have attempted service, but it is ultimately the plaintiff's responsibility to locate and effect timely service on defendant Pulley.  The plaintiff shall have until May 31, 2006, to serve Defendant Pulley, or Pulley will be dismissed, without prejudice, pursuant to Fed. R. Civ. P. 4(m).

5) The defendants shall file a response to the plaintiff's motion for preliminary injunction/temporary restraining order (d/e 28) by May 8, 2006 (if they have not already done so).  Such response shall include a copy of the plaintiff's medical records pertinent to his motion, authenticated by affidavit and reproduced in typed form.

6) A hearing on the plaintiff's motion for preliminary injunction/temporary restraining order (d/e 28) is scheduled for May 12, 2006, at 9:30 a.m., by video conference.  A copy of any exhibits a party seeks to introduce at that hearing must be provided to the court and to all the other parties by May 8, 2006.  Additionally, a copy of the list of witnesses a party seeks to call at the hearing shall be provided to the court and to all other parties by May 8, 2006.  A party is responsible for arranging the appearance of his or her own witnesses at the hearing.  Witnesses may appear personally or by video conference.  The clerk is directed to issue the necessary video writs for the hearing.

7) The motion for a qualified HIPAA order is granted (d/e 52).  The clerk is directed to enter the proposed order with the court's electronic signature.

Entered this <u>25th</u> Day of <u>April</u>, 2006.

s\Harold A. Baker

HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE