UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

WILLIE "EARL" OSBEY,

      Plaintiff,

v.                                                          05-3276

HEALTH PROFESSIONALS LTD., et al.,

      Defendants.

## Case Management Order #7

    Before the court are several pending motions, which are dealt with below. At this point, the court leaves pending the plaintiff's motion for appointment of counsel (d/e 93) and motion for preliminary injunction (d/e 95).

    IT IS ORDERED:

    1) The plaintiff's motion for partial summary judgment on his disability discrimination claim regarding exercise and recreational opportunities at Lawrence Correctional Center from July 2004 to August 2005 is denied (d/e 92). Questions of disputed fact exist regarding the extent of Plaintiff's disability and the exercise and recreational opportunities available to the plaintiff, making summary judgment inappropriate.

    2) The motions for leave to file responses are granted (d/e's 119, 122). The clerk is directed to docket the responses attached to motions 119 and 122.

    3) By January 31, 2007, the IDOC Defendants are directed to provide the plaintiff and the court a copy of the plaintiff's medical records from July 2004 to the present.

    It is true that Defendants are not required to subsidize the plaintiff's litigation, *see Johnson v. Daley*, 339 F.3d 582, 586 (7th Cir. 2003), and this court has before denied copies where the information sought was burdensome, irrelevant, and appeared to be a fishing expedition. However, that does not appear to be the case here. "There is a presumption that 'the responding party must bear the expense of complying with discovery requests. . .'" *Hagemeyer North America, Inc. v. Gateway Data Sciences Corp.*, 222 F.R.D. 594 (E.D. Wis. 2004), *quoting Oppenheimer Fund, Inc. V. Sanders*, 437 U.S. 340 (1978). The party opposing discovery bears the burden of overcoming this presumption. *Id.* Defendants have not provided any specific information about how many documents are in the plaintiff's medical records or the specific cost of producing them.

4) The plaintiff's motion for a subpoena for his medical records is denied as moot (d/e 108).

5) The plaintiff's motion to summons Dr. Gonzales is denied as moot (d/e 107).

6) The plaintiff's motion to compel is granted in part and denied in part (d/e 110).

7) The motion to compel (d/e 110) is denied as moot to the extent it seeks the plaintiff's medical records.  The motion to compel is further denied as to request numbers 3, 11 & 12 because defendants assert they possess no such documents.  The motion to compel is also denied as to request numbers 6 and 8 defendants assert the documents requested would be part of the medical records, which will be produced.

8) The motion to compel (d/e 110) is granted as to:

a) The plaintiff's request for his master file, but only for those documents compiled in the plaintiff's master file from July 2004 to the present, subject to motions for protective orders or *in camera* inspection by the court.

730 ILCS 5/3-5-1 provides that "[a]ll files shall be confidential and access shall be limited to authorized personnel of the Department."  730 ILCS 5/3-5-1(b).  However, this does not prohibit disclosure pursuant to a court order, and documents in master files have been produced in civil and criminal cases, including by prison officials when needed for their defense.  *See, e.g., Lenea v. Lane*, 882 F.2d 1171, 1175 (rejecting defendants' argument that documents in master file supported discipline); *De La Paz v. Peters, III*, 959 F.Supp. 909, 911 (N.D. Ill. 1997)(defendants relied on master file as exhibit in summary judgment motion); *Zimmerman v. State of Illinois*, 1994 WL 868068 *7, 46 Ill.Ct.Cl. 226 (1994)(not reported in N.E.2d)(recounting information of inmate's history of violence in master file); *Dykes v. Morris*, 85 F.R.D. 373 (N.D. Ill. 1980); *People v. West*, 697 N.E.2d 1216, 1220 (Ill. App. 1998)("master record file is a public record and thus may be admitted under an exception to the hearsay rule").  Master files are not *per se* protected from disclosure.  That determination must be made on a document by document basis.  If certain documents in the file present security concerns or other legitimate reasons for nondisclosure exist, the defendants may file a motion for a protective order or ask for an *in camera* inspection.

b) The plaintiff's request for photographs, but limited to photographs, if any, of his alleged infected leg and photographs of the gym and weightlifting rooms at Lawrence Correctional Center.  If Defendants believe a security risk is presented, they may file a motion for *in camera* inspection or for a protective order.  If the plaintiff believes other photographs exist that relate to his claims, he may file another motion to compel explaining so.

c) Copies of contracts between IDOC and Wexford.  Defendants object as irrelevant, but the contractual division of duties for medical care to prisoners may be relevant for establishing personal responsibility.

6) By February 28, 2007, the IDOC defendants shall produce to the plaintiff the documents listed in 7(a), 7(b) and 7(c) above.

Entered this 19th Day of December, 2006.

                                                  **s\Harold A. Baker**

                                                  HAROLD A. BAKER
                                        UNITED STATES DISTRICT JUDGE